## CHAPMAN versus TWITCHELL.

Where the plaintiff referred to a third person to show the corner boundary of his land, and such third person pointed out a stump as such corner; the act is in the nature of an admission, and admissible in evidence against the plaintiff.

*Traditionary* evidence, in relation to the boundaries of a private estate, when not identical with one of a public nature, cannot be received.

The authenticity of a plan cannot be established by certificates made upon it by one deceased, who was not the surveyor.

Neither the declarations nor certificates of a deceased person, concerning the limits and boundaries of lots between individuals, of which he was never owner nor possessor, are admissible as evidence.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

TRESPASS *quare clausum*, and cutting down and carrying away pine trees.

The cutting was admitted, and the question in the case was one of the eastern boundary of lot No. 18, in the town of Bethel.

The defendant, with other testimony, introduced one James Walker who testified, that in conversation about this lot, he requested the plaintiff to show him where the north-east corner of the land was. The plaintiff made some excuse, said "that Twitchell's boys had cut down the corner, and said Twitchell can show you where the corner is." Twitchell went and showed us the corner and the white pine stump. This stump was claimed as the corner by the defendant. To this testimony the plaintiff objected, but the Judge admitted it. The plaintiff having proved, that one Joseph Twitchell had been long dead, and was a surveyor, who originally run lines in said Bethel; that he was the father of Eli Twitchell, and that Eli, during his life time, kept the plans and records of the proprietors of Bethel, and that Eli had long since deceased and was an old man when he died; introduced one M. B. Bartlett. A plan was exhibited to the witness having upon it this certificate.—"This plan is the original one taken by Capt. Joseph Twitchell, it being the first plan of the town of Bethel.        "Eli Twitchell."

The witness said the plan appeared to him to be the one he had seen in the possession of Eli Twitchell. He thought it was the one. The signature to the certificate, he knew to be the handwriting of Eli, whom he had often seen write. He had often seen him consulting this plan at the town clerk's office in Bethel where it then was.

The plaintiff then offered to introduce said plan, but it was objected to and excluded by the Court.

The jury returned a verdict for defendant and the plaintiff excepted.

*Shepley & Dana,* for the plaintiff.

1. The plaintiff is not in any manner connected with the transaction testified of by Walker. The whole is *res inter alios acta,* and has no legitimate bearing either on his rights or on this case. He is not bound by their going, in his absence and without his direction, to one corner rather than another. It is of no consequence to him what stump or tree was shown by Twitchell as the corner. He was not there, nor was the fact communicated to him afterwards. This evidence should have been excluded.

2. The plan should have been admitted. The preliminary proof was full. It was an ancient plan. It was not a mere private paper. Its public nature is to be remarked from the place in which it was usually kept, the town Clerk's office, where it was consulted as a plan of the original division of the town. Coming from that place, it has every stamp of being what it purports to be, and was in fact the best evidence of the actual original division of the town, that ever existed.

If Eli Twitchell had been present at the trial and testified, that this was the original plan made by the surveyor, it would have been sufficient. We have his declaration to that effect, made long since, and in questions of boundaries hearsay must, to a certain extent, be adopted as evidence to designate them. 17 Vin. Abr. 86; 2 Rolle. Abr. 186.

It is common to admit declarations of old people, who are dead; for then, as to ancient bounds, this is the best

evidence the nature of the case admits. ·*Blyther* v. *Sutherland*, 3 McCord, R. 258 and 229; *Porter* v. *Warren*, 2 Root, 22; *Boardman* v. *Reed's lessees*, 6 Peters, 341.

*May*, for defendant, made an elaborate argument in writing, sustaining the rulings of the Court. As to the introduction of the plan, it was a sufficient objection, that *no such plan was referred to in any of the deeds in the case.* And there was no more reason why the certificate of Eli Twitchell should be received as evidence in this case, as to the issue between these parties, than why any man's certificate of any fact should not be received as evidence in a court of law after his death in any case whatever. This certificate does not fall within any former rule for the admission of statements not under the sanction of an oath. *McKenney* v. *Waite*, 20 Maine, 349; *Oldtown* v. *Shapleigh*, 33 Maine, 278.

It is a certificate in no way against the interest of the party making it, nor was it "made by a person in the ordinary course of his business of acts or matters, or which his duty in such business required him to do for others. *Nichols* v. *Webb*, 8 Wheat. 337; *Patteshall* v. *Turford*, 3 Barr. & Ad. 8, 90.

WELLS, J. — The question between the parties was, how far eastward lot numbered eighteen extended. The defendant contended, that one of its eastern bounds was a white pine stump. James Walker, introduced by the defendant, testified that he and others went to the plaintiff, and asked him to show the north-east corner of the land bonded; that he said, Twitchell could show them where the corner was; that Twitchell went and showed them the corner, and the white pine stump. It does not appear by the exceptions, whether Twitchell was the defendant or some other person, but it is said in argument, that he was not the defendant. Twitchell made no declaration, that what he pointed out was the boundary. It is not stated that he said any thing, but it may be implied, that he was not entirely silent while he performed the acts. The language of the plaintiff would indi-

cate, that confidence could be reposed in the knowledge and fidelity of Twitchell. If Twitchell had gone with Walker and had pointed out the boundary, and the information, concerning what he did, had been communicated to the plaintiff, who should admit the accuracy of Twitchell, no doubt could exist, that such an admission could be legally received in evidence. What the plaintiff did say is equivalent to admission, that Twitchell knew the boundary, and would point it out truly. An admission, that one will perform an act correctly, is very nearly allied to an admission, that it has been so done, after it has taken place.

The admissions of a third person are receivable in evidence against the party who has expressly referred another to him for information in regard to an uncertain or disputed fact. In such cases the party is bound by the declarations of the person referred to, in the same manner, and to the same extent, as if they were made by himself. 1 Greenl. Ev. § 182; *Williams* v. *Innes*, 1 Camp. 364.

In the present case the conversation was between the plaintiff and the witness Walker. But it is to be regarded as an admission, and on this principle it is to be received, although not made to the party to the suit. *Brock* v. *Kent*, 1 Camp. 366, in note.

The testimony of the acts of Twitchell was properly admitted. The estimate of timber west of the white pine stump, and the certificates of it, do not appear to have any bearing upon the question at issue; they are immaterial facts, and could not in any manner have prejudiced the rights of the plaintiff.

The authenticity of the plan offered in evidence by the plaintiff, could not be established by the declarations of Eli Twitchell. The fact, that he had long since died, would not authorize their reception, any more than the declarations of deceased witnesses in ordinary cases. Assuming that the plan, which is not exhibited with the papers in the case, purports to delineate the lines of the several lots in Bethel, and that the certificate of Eli Twitchell, made upon it, is an

affirmation of their correctness, it could not be regarded as legally admissible.   Traditionary evidence may be admissible in relation to the boundaries of parishes, manors, and the like, which are of public interest, and generally of remote antiquity, but it is inadmissible for the purpose of proving the boundary of a private estate, when not identical with one of a public nature.   1 Greenl. Ev. § 145.   It would be a new element in the law of evidence, to admit the diagrams or declarations of deceased persons for the purpose of proving the limits or boundaries of lots between individuals, when those persons were never the owners or possessors of them.

*Exceptions overruled.*

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.