JAY LOWE, v. WILLIAM LOWE and Others.[1]

May 10, 1901.

Nos. 12,633—(64).

### Conversation between Party and Deceased Person.

The construction given to G. S. 1894, § 5660, in Griswold v. Edson, 32 Minn. 436, that upon the trial of an action the parties thereto, or persons interested in the event thereof, are incompetent to prove conversations with, or admissions of, any deceased or insane person, whether a party to the litigation or not, relative to any matter at issue between the litigants, adhered to, and the rule applied.

### Same—Testimony of Party's Husband.

Under the provisions of G. S. 1894, § 5532, a wife cannot convey her real property, except by consent of her husband. Except as to certain instruments, her conveyance or contract is invalid unless the husband joins therein. Therefore the interest and right which he acquires or has in real estate belonging to his wife is immediate, direct, and pecuniary. For that reason he is not a competent witness, in an action in which his wife is a party, as to conversations with, or admissions by, a deceased person.

### Rulings of Court.

Certain rulings of the trial court upon the admission or exclusion of evidence considered. *Held*, that the court ruled correctly.

### Evidence—Contract.

Conceding that the testimony in this case was sufficient, as to part performance of an oral contract to convey land, to satisfy the statute of frauds, it is *held* that it was entirely insufficient to show that there was any such agreement entered into between the appellant and certain persons deceased at the time of the trial.

Action in the district court for Fillmore county to determine adverse claims to real estate. The action was tried before Kingsley, J., who found in favor of plaintiff. From an order denying a motion for a new trial defendant Flora Johnson, who alone appeared and answered, appealed. Affirmed.

*C. H. Rossman*, for appellant.

*R. J. Parker* and *Burdett Thayer*, for respondent.

[1] Reported in 86 N. W. 11.

COLLINS, J.

Although a large number of questions have been presented and argued by counsel for the appellant in this case, it has resolved itself into a narrow compass, and can be disposed of by considering very few of the assignments of error.

1. The first for examination is that raised by the thirtieth and thirty-first assignments, through which it is contended that it was error for the court to refuse to permit the appellant to testify as to a verbal agreement between herself and the deceased, Charles and Rhoda Lowe, owners of the property described in the complaint, and to prove by parol what that agreement was. The objection to the proof was based upon G. S. 1894, § 5660, which reads:

"It shall not be competent for any party to an action, or interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased * * * party or person, relative to any matter at issue between the parties."

It is a contention of counsel for appellant that, unless the estate or the interests of the deceased person will be affected injuriously by the adjudication, the word "parties" in the last clause of the section means the survivor to the conversation, who is also a party to the action, or is interested in the event thereof, and the representative of the estate of the deceased party or person, who is also a party, and that the statute does not apply to the appellant in this case; quite a number of cases from other jurisdictions being cited. Should we agree with counsel, and hold that because the plaintiff was not protected by section 5660 we should depart from a number of cases in our reports in which the statute in question has been construed.

It has frequently been held that the general policy of the statute is to sustain and exclude the admission of testimony of parties to the action, or of interested persons, as against the estate of the deceased person, or as against the interest of one who has succeeded to his rights. In Griswold v. Edson, 32 Minn. 436, 21 N. W. 475, this court held that this section makes any party to an action, or interested in the event thereof, incompetent to testify

to a conversation with, or admission of, any deceased or insane person, whether a party or not, relative to any matter at issue between the litigants. And in the opinion it was said there is "just as much reason for excluding a party's evidence as to a conversation with or admission of any other person who has died or become insane, as for excluding it as to a conversation with or admission of one a party" to the action, the reasons being adverted to. In an earlier case (Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55) it was held that this section applies to all actions, and excludes the testimony of either of the parties as to any conversation with, or admission of, a deceased party or person, relative to any matter in issue. This section directly refers to the parties to an action and other persons interested in the result. The exclusion and prohibition specifically relates to any matter which is in issue between the parties to the pending suit, and, as to those matters, conversations with, or admissions of, deceased parties or persons must be testified to by other witnesses than such as are interested in the event as parties or otherwise. To take any other view would do violence to the plain words of the statute, and would be in direct opposition to the opinions of this court before referred to. It follows that it was not error for the court to refuse to allow the appellant to testify as to the verbal agreement made between her and the deceased, Mr. and Mrs. Lowe.

The court was also right when it refused to allow the appellant to testify as to the conversation with them relating to a letter and its contents, which letter she had written and addressed to her husband, then in Dakota, in which she stated the terms of the proposition made to her by the Lowes, then, according to the offer, read it to the latter, and gave it to Mr. Lowe to mail. The conversation was inadmissible for the reasons heretofore given. The letter itself was not offered in evidence, but, in connection with the spoken words, the proposition was to show by parol what she read from it to the Lowes,—the contents thereof. That what she stated to the old people was in a letter, then read by her, did not make what she said anything more or of greater force than if there had been no letter. What was said was, of course, spoken words uttered by the appellant or by the deceased. No attempt .

was made to connect the letter with the latter by showing that either read it or knew its contents as the same were read by appellant. The case of Hulett v. Carey, 66 Minn. 327, 69 N. W. 31, cited by counsel, is not at all in point, because it was shown that Hulett read the letter himself, and it was fairly to be inferred from the proofs that he then put it in his pocket (where it was found the following day, immediately after he died) with an intent to mail. To sustain the contention of counsel, we should have to go much further than in the Hulett case, and that we decline to do.

As the court ruled correctly when it refused to allow the appellant to testify as to the contents of a letter which she had not brought to the knowledge of the Lowes, except as she read—verbally stated—what was therein contained, it follows that it was also correct when excluding the testimony of appellant's husband as to the contents. He was not even present when it was read, but received it by mail. In addition, it may be said that he was interested in the result of the case, and for that reason within the ban of the statute. Should the appellant be successful in this litigation, her husband would at once acquire an interest and right in the property which would prevent her from making a conveyance of any part thereof except by his consent. G. S. 1894, § 5532, provides that any conveyance or contract for the sale of real estate, or any interest therein, by a married woman, except certain mortgages, leases, and releases, shall not be valid, unless the husband joins with the wife in such conveyance or contract. This gives to a husband an interest and right altogether different from that held by a wife in his lands, and places the former outside of the rule laid down in Madson v. Madson, 69 Minn. 37, 71 N. W. 824, in which it was announced that a wife was a competent witness for the purpose of showing admissions made by a deceased person concerning the sale of land to her husband. The interest and right which the husband acquires in the real estate of his wife is immediate, direct, and pecuniary. It is not uncertain, contingent, or a possibility, as is the inchoate interest a wife has in the real property of a husband. It is also apparent from the testimony received that he was a party directly in interest, be-

83 M.—14

cause the conditions of the contract were based upon his agreement to return, and his actual return, to the village of Spring Valley, in which the Lowes were then residing. He was to aid in furnishing the consideration. More than this, it is evident, from what appellant claimed was the contract, that the husband would have been a proper party to this action, and, if so, it is obvious that he comes within the statutory prohibition, and was incompetent to testify as to the conversation with the deceased parties, even if he had heard it. See Towle v. Sherer, 70 Minn. 312, 73 N. W. 180.

2. The court below having rightfully excluded the testimony of the appellant and her husband as to the terms and conditions of the contract upon which she relied and the contents of the letter, the only remaining question upon this branch of the case is whether the testimony which was received was sufficient to compel the court to find that the contract was made, and then to find that there had been such a part performance as to take the case out of the statute. This testimony consisted of statements made by one or both of the deceased persons to third parties, to the effect that if the appellant and her family removed back to Spring Valley she was to have one-half of the property belonging to the Lowes. These were scattered statements, made to different individuals, and, taking them together, they were wholly insufficient to show such a contract as to justify a court in decreeing specific performance. And the court found that, while there was talk upon the subject, it was vague, indefinite, uncertain, and lacked the essentials of an agreement. In so far as testified to, there was no definiteness or certainty of agreement. What the deceased were to do, or upon what terms appellant was, or appellant and her husband, as he seems to claim, were, to have a share of the property, did not appear from the proofs. What appellant and her husband, either or both, were to do, as their part of the agreement, not one of these witnesses attempted to say. There was no mutuality of agreement, for it was not shown that the appellant and her husband were in any manner bound by what was said. A court of equity will not compel the specific performance of an oral contract for the conveyance of real estate,

unless the terms thereof are definite and certain, and proved to the satisfaction of the court. It will not compel the specific performance of a contract to convey real estate, unless the same is mutual, and in all its terms binding upon the parties thereto. And it has been well said by this court that it will not be bound by scattered statements, which the parties may be able to get together, out of which a contract to convey land might be construed, but that the court will consider all the evidence, the condition and surroundings of the parties, and, unless from all this it is satisfied that a fraud will be perpetrated upon the party seeking specific performance of oral contract by a denial thereof, it will not be decreed. Even if the testimony was adequate to show that there had been a part performance sufficient to satisfy the statute of frauds, it fell far short of showing that there was any agreement between the parties of the tenor alleged by appellant, and upon which she not only based her defense, but demanded affirmative relief.

3. The respondent plaintiff was in actual possession of part of the premises, and, through a tenant who could not dispute his title, he was in possession of the balance. This was sufficient to authorize an action to determine adverse claims.

4. There is absolutely nothing in appellant's contention that because of some irregularities in the procedure the adoption papers should not have been received in evidence. The decree was valid upon its face, and it had not been modified or set aside. It was in full force as against the appellant in this action.

5. We are of the opinion that there are no other assignments of error which need special consideration.

Order affirmed.