JAMES H. SKIDMORE, DEFENDANT IN ERROR, v. LOUISA A. JOHNSON, PLAINTIFF IN ERROR.

Argued March 7, 1904—Decided March 7, 1904.

The plaintiff having written to the defendant asking for payment of a book account, the defendant directed her daughter to write a reply, but did not instruct her what to write nor learn what she wrote. *Held*, not erroneous for the court, trying without a jury a suit for the account, to receive the letter in evidence.

---

On error.

For the plaintiff in error, *Frank Benjamin*.

For the defendant in error, *George J. Plechner*.

The opinion of the court was delivered by

DIXON, J. This writ of error brings up a judgment of the Supreme Court affirming on appeal the judgment of a District Court in favor of the plaintiff. The action was instituted to

recover the price of meat sold for use in the family composed of the defendant, her husband and daughter, and was tried in the District Court without a jury. The state of the case presented to the Supreme Court set forth the evidence on which the District Court had based its judgment and also showed that a certain letter had been received in evidence against objection by the defendant.

As the statute under which the appeal to the Supreme Court was taken (*Pamph. L.* 1902, *p.* 565) submits to that court only questions of law, the state of the case required the decision of but two questions—*first,* whether the evidence was legally capable of supporting the conclusion of the trial court, and *second.* whether the reception of the letter was unlawful. The same questions are now before us.

On the main question the testimony was conflicting, but two witnesses swore directly to the fact that the defendant bargained with the plaintiff for the goods sold and expressly promised that she herself would pay for them. Clearly, this afforded legal ground for the conclusion that she was the debtor.

Regarding the letter, the testimony was that the plaintiff had written to the defendant, asking for money on the account, and the defendant had directed her daughter to write a reply, without telling her what to write or being told what she did write.

We think these circumstances warranted the reception of the letter in evidence before the trial judge. The defendant, by directing her daughter to reply without giving instructions as to the nature of the reply, left that to the discretion of the daughter within reasonable limits. *Fenn* v. *Harrison,* 4 *T. R.* 177. Whether those limits were transgressed could be learned only by receiving the letter in evidence, so far at least as to permit of its inspection by the judge. What effect its contents should have upon the issues of fact was a matter for subsequent consideration. How the trial court decided that question does not appear, and so no error is shown.

The judgment should be affirmed.

Conrad v. Elizabeth, &c., Ry. Co.    *70 N. J. L.*

---

*For affirmance*—The Chancellor, Van Syckel, Dixon, Garrison, Hendrickson, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray.    11.

*For reversal*—None.