### EQUITABLE MFG. CO. v. COOLEY AND SPEERS.

1. EVIDENCE—PAROL.—Where a contract provides that a bank should approve a bond after knowledge of responsibility of principal and sureties, it may be shown by parol that its letter of approval was written without such knowledge, and any declaration of the officers of the bank inconsistent with the letter are admissible as admissions of the party.

2. CONTRACT.—NOTICE.—Under the contract here the bank was selected by both parties to approve a bond to be executed by the seller, and to notify purchaser as a condition precedent to acceptance of goods by purchaser and notice of approval to seller, was not binding on purchaser.

3. IBID.—MISTAKE.—THE CHARGE here complained of in regard to effect of copy of contract furnished, was responsive to issues raised by the pleadings, and did not eliminate the question of mistake in sending incorrect copy.

Before DANTZLER, J., Abbeville, October term, 1903. Affirmed.

Action by Equitable Manufacturing Co. against Cooley and Speer. From judgment for defendants, plaintiff appeals.

*Messrs. Parker & Greene,* for appellants, cite: *The bank was representing respondents in the approval of the bond and was their agent, and they are bound by its acts:* 1 Ency., 2 ed., 937; 3 Conn., 567; Mech. on Ag., sec. 718; 37 S. C., 88; 57 S. C., 16; 44 S. C., 478.

*Mr. Wm. N. Graydon,* contra, cites: *Plaintiff having referred defendants to bank, was bound by information given:* Green. Ev., sec. 182. *Bank was not agent of defendants:* 27 S. C., 132.

July 1, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appeal in this case is from a verdict and judgment in favor of defendants, the action being on a contract for the sale of a lot of jewelry. The goods were shipped to Lowndesville, S. C., defendants' place of business, but they refused to accept the same on two grounds: first, failure of plaintiff to furnish an approved bond, as stipulated in the contract; and second, the bond tendered secured a contract different from the one made by the parties. The exceptions relate to rulings as to the admissibility of testimony and the charge to the jury, which in large measure depend upon the construction of that portion of the contract relied upon by defendant as follows:

"The Equitable Manufacturing Company hereby agrees to furnish a bond to the Bank of Anderson, S. C., in the sum of $300 to protect purchaser in all the conditions of this order for jewelry, and as per profits and record slips attached, same being a part of the original contract made when the goods are accepted; said bank to approve bond after knowing house and sureties to be responsible before goods are accepted."

It was shown by plaintiff that on July 22, 1902, the Bank of Anderson wrote a letter to the plaintiff, stating: "We beg

to advise you that the bond in question is satisfactory to us and you may proceed to carry out your contract with Cooley and Speers." The goods were shipped by express, August 7th, and defendants notified thereof. On August 14, defendants wrote plaintiff that they would not receive the goods unless the bond was furnished and was approved by the Bank of Anderson, and on the 20th August, wrote: "The Bank of Anderson has received your bond, but has not yet told us whether it was good or not." On August 23d, plaintiff wrote defendants: "We do not know whether or not this bank will write to you. You can write to them and learn about the bond * * * kindly advise us by return mail if you have heard from the bank." To which defendants replied on August 25: "We have asked bank about bond and they have as yet not made us any reply, and we will not accept goods from express office until they tell us that the bond is all right." There was considerable correspondence between the parties, which it is unnecessary to state in detail. With reference to the bond, the plaintiff was relying on the letter to them by the Bank of Anderson, of July 22, to the effect that the bond was satisfactory, and the defendants were insisting on a right to hear from the bank whether the bond was approved, as required by the contract.

The defendants were allowed to introduce the following letter received from the Bank of Anderson in reply to their inquiries about the bond:

"September 11, 1902.
"Messrs. Cooley & Speers, Lowndesville, S. C.

"Dear Sirs: With reference to the bond of the Equitable Manufacturing Company, we can only say what we have previously said, that the bond seems to be properly executed, but as to whether the parties are responsible, we do not know, and we think the proper thing for them to do is to have their bank, where they are located, write you rather than that we should give an opinion. We regret that we cannot do more than this in the matter. Yours very respectfully,                     B. F. Mauldin, Cashier."

This ruling is the basis of exception, on the ground that defendants were bound by the acts of the said bank in the approval of the bond July 22, as their agents for that purpose, and that any inconsistent declarations by the bank or its officers to defendants were incompetent as hearsay.

It appeared that the letter of July 22 was written by a son of the president of the bank, under authority from the president; but in reference to that letter, J. A. Brock, the president, was allowed to testify, over plaintiff's objection, that he knew nothing of the standing of the sureties on the bond. To this ruling similar objection is made. We think the testimony was admissible for several reasons. First, as we construe the agreement with reference to the approval of the bond, the Bank of Anderson was not the agent of the defendants, certainly not any more the agent of the defendants than it was the agent of the plaintiff. It was the duty of plaintiff, under the contract, to secure the approval of the bond by the bank as a condition precedent to a completed contract of sale, as the defendants were not bound to accept the goods until the bond had been approved as stipulated. The plaintiff undertook to see that the bank had the necessary information to enable them to approve the bond, after knowing the principal and sureties to be responsible. It was not sufficient for the bank to formally approve the bond without knowledge or investigation, but the express stipulation was that the approval must be after knowledge of the responsibility of the principal and sureties. Hence the defendants had the right to show whether, if the bank had approved the bond, it was done with information or knowledge, as was required by the contract.

Moreover, not only by the necessary implication of the contract, but by the letter of plaintiff to defendant, dated August 23, the bank was referred to as a third person to inform defendants as to the approval of the bond. This brings the testimony within the rule as stated in Greenleaf on Ev., 182: "The admissions of a third person are also receivable in

evidence against the party who has expressly referred another to him for information in regard to an uncertain or disputed matter. In such cases the party is bound by the declarations of the person referred to in the same manner and to the same extent as if they were made by himself." Or, as stated in 1 Ency. Law, 2 ed., 701: "Where a party has referred another to a third person as authorized to give information concerning a negotiation or disputed matter, he will be bound by the admissions of such referee to the same effect as if they were made by himself"—citing authorities, including *Delesline* v. *Greenland,* 1 Bay, 458. This requires that the first, second, third and fourth exceptions be overruled.

The Judge charged the jury as follows: "Now, if the bank, upon investigation, reached the conclusion that the house and sureties were responsible, and the bond of the character mentioned in the order had been executed, and the defendants had known, or had means of knowing, that the bond had been executed—a bond of the character mentioned here—and the bond had been approved by the Bank of Anderson, S. C., then the defendants would have been bound to accept the goods mentioned and described in the order; but I charge you that the defendants had a right to know from the Bank of Anderson, S. C., whether or not that bank had approved that bond, they had a right to know from the bank. It is not incumbent upon the defendants to ascertain and determinne, outside of the bank, whether or not the house and sureties on that bond were responsible; but they had a right to rely upon the Bank of Anderson, and if that bank declared to the defendants that they had not approved the bond, then the defendants were not bound to accept the goods."

The objection urged against this charge in the fifth exception is substantially that the Bank of Anderson was the agent of defendant to approve the bond, and having approved the bond and notified plaintiff thereof, the defendant was bound thereby. This is not the correct view of the

contract. The Bank of Anderson was designated by both parties as a disinterested third party to approve the bond after knowledge of the responsibility of the principal and sureties, as a condition of a completed sale of the goods. It was, therefore, defendants' right not only to insist that the bank should approve the bond, and after knowledge or reliable information as to the solvency of the parties, but had the right to look directly to the bank for information as to the approval of the bond, and to rely upon the information given them by the bank. Under this view the fifth, sixth, seventh, ninth and tenth exceptions must be overruled.

The eighth exception relates to the charge with reference to the second defense. The charge was in these words: "That if the jury find from the testimony that the bond provided that it was to secure the carrying out of the terms of the contract as received at the office of the plaintiff, and if in response to a request of the defendants for a copy of the contract, the plaintiff sent another and different contract, then the defendants had a right to rely upon the copy sent them as being the correct copy of what was on file in the office of the plaintiff, and if it differed in material particulars with the contract held by the defendants, then the defendants had the right to refuse the goods."

It is objected that the charge was erroneous: (1) because no such issue was presented by the pleadings; (2) it eliminated the question of mistake in sending such copy of the contract. It appears that the original contract between the parties contained a guarantee on part of plaintiff of an average profit of one hundred dollars a year for three years, under specified conditions. The bond delivered to the bank for approval provided that it was to carry out the terms of the contract as received at the company's office. The defendants, in order to know the terms of the contract as received at plaintiff's office, wrote for a copy of it for comparison with the duplicate left with them by the company's agent. The plaintiff, in reply, sent them a copy stipulating a guaranteed profit of fifty-eight dollars a year. For this

22—69

·reason, also, defendant declined to accept bond as compliance with contract. The plaintiff offered testimony on the trial that the copy sent contained fifty-eight instead of one hundred dollars, by mistake of clerk in making copy, but that there had been no change of the original contract as filed in their office. A reference to the first subdivision of the sixth paragraph of the answer will show that the charge related to an issue raised by the pleadings.

The question of mistake in sending incorrect copy of the contract was not eliminated, as the following charge to the jury at plaintiff's request will show:

"II. The alteration of a written instrument, even in a material part, if made by accident or mistake, does not vitiate it or affect the liability of the parties under it."

"VI. If it was not a duty, under the contract, for the plaintiff to furnish a copy of this contract to defendants, and in furnishing a copy of such contract one agent of the plaintiff makes a mistake therein, such mistake cannot defeat plaintiff's right to recover."

The judgment of the Circuit Court is affirmed.