A. H. POWERS v. EMMA A. JOHNSON and Another.[1]

April 30, 1909.

Nos. 16,016—(15).

**Admissions by Deceased Person.**

Admissions of a person, since deceased, tending to establish a controverted fact in litigation, are scrutinized closely, and their weight and effect as substantive evidence are for the trial court.

**Same.**

Though uncontradicted, they are not necessarily conclusive.

**Findings of Court.**

Findings of the trial court held not clearly or palpably against the evidence.

[1] Reported in 120 N. W. 1021.

Action in the district court for Itasca county. The facts are stated in the opinion. The case was tried before McClenahan, J., who made findings and as conclusions of law found that plaintiff had no right or title to the lands in controversy; that defendant Kenneth Clark for himself and others was the owner in fee simple of an undivided three-tenths interest in the lands; that the intervener, Charles W. Murphy, was the owner in fee simple of an undivided seven-tenths interest in the lands. From an order denying plaintiff's motion to set aside the findings and for a new trial, he appealed. Affirmed.

*George C. Ripley* and *H. B. Fryberger,* for appellant.

*John F. Fitzpatrick* and *Davis, Kellogg & Severance,* for respondents.

BROWN, J.

The A. J. Dwyer Pine Land Company was a corporation duly organized under the laws of this state, and as such owned certain tracts of land situated in this state and also in the state of Oregon. Plaintiff, A. H. Powers, and A. J. and W. J. Dwyer, were separately the owners of all the capital stock of the corporation, and had pledged the same to the Flour City National Bank of Minneapolis as security for an indebtedness due from each. The indebtedness was not paid, and some time in the year 1901 the bank duly foreclosed its lien upon the stock, purchased the same at the sale, and, no redemption being made, thereby became the sole owner thereof. In November, 1903, the bank sold and transferred the stock to one S. S. Johnson, of California, for the consideration of $150,000, less deductions made on account of the failure of title to certain of the land owned by the land company in the state of Oregon. This sale was effected through the efforts of plaintiff and A. J. Dwyer, and under an agreement with the bank that they should retain all they could obtain for the stock over and above the amount then due the bank.

Johnson subsequently died, and thereafter plaintiff brought this action against his executors and Kenneth Clark, who had succeeded to a part of the rights of Johnson, for a settlement and adjudication of rights and equities arising, as plaintiff claims, under a contract with Johnson entered into at the time of the sale of the stock to him by the bank. Plaintiff alleges that he and Johnson, as a part of that trans-

action, entered into a contract or agreement by which Johnson agreed to convey to plaintiff, after perfecting the purchase from the bank, a certain interest in the corporation and the stock, namely forty per cent. thereof, and that Johnson further agreed "to carry for this plaintiff said forty per cent." at five per cent. interest. The complaint alleges a violation of this agreement and demands appropriate relief. The trial court found that no "contract, agreement, or understanding [was] made or entered into between the plaintiff A. H. Powers and said S. S. Johnson, whereby [plaintiff] was to have any interest in the said capital stock" so purchased by Johnson from the bank, or in any property owned by the Pine Land Company, and judgment was ordered against plaintiff. Plaintiff thereafter moved for a new trial, assigning this and other findings as error, and appealed from an order denying it.

A careful examination of the record leads to an affirmance. Plaintiff's right to recover depends wholly upon the existence of the contract alleged by him to have been entered into with Johnson at the time the latter became the owner of the land company stock. That no such contract was entered into the court expressly found, and our examination of the evidence discloses no sufficient reason, within the rule guiding this court, for disturbing its findings. They are not clearly or palpably against the evidence. It is true there are items of evidence tending to show admissions by Johnson that some sort of a contract was made with plaintiff; but no competent evidence of the contract itself was produced, and the court was not required, since Johnson is dead and unable either to admit or deny the alleged admissions, to find its existence therefrom. 17 Cyc. 808; Lowe v. Lowe, 83 Minn. 206, 86 N. W. 11; Binewicz v. Haglin, 103 Minn. 297, 115 N. W. 271, 15 L. R. A. (N. S.) 1096. The admissions, though admissible in evidence, were not conclusive, and served only to present, in connection with the other evidence, a question of fact. They were subject to the closest scrutiny, and it was for the trial court to determine their weight and effect. 17 Cyc. 808; Lea v. Polk County Copper Co., 21 How. 493, 16 L. Ed. 203; Alexander v. Hooks, 84 Ala. 605, 4 South. 417; Woolsey v. Williams, 128 Cal. 552, 61 Pac. 670; Holmes v. Connable, 111 Iowa, 298, 82 N. W. 780.

Since, therefore, plaintiff's alleged contract does not appear, his case fails. It would serve no useful purpose to extend the opinion by dis-

cussing the evidence. This we are not required to do. It is sufficient that we have carefully read it, with the result stated. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757.

Order affirmed.