JOHN KOCIEMBA v. MICHAEL KOCIEMBA AND ANOTHER.[1]

May 28, 1920.

No. 21,787.

**Specific performance of oral agreement to convey land.**

1. Specific performance of an oral agreement to convey lands will not be enforced, unless the making of the contract is clearly proved and its terms are definite and certain.

**Subsequent designation of land to be conveyed.**

2. When such an agreement was made, the land to be conveyed was not designated, but subsequently the vendor pointed it out to the vendee and the latter, agreed to accept it. This supplied the omission in the terms of the agreement and made it complete.

**Amendment of complaint to conform to the evidence.**

3. The evidence showed that after the agreement was made, it was modified. The complaint did not plead a modification, but the court ordered that it be amended to conform to the evidence. The order did away with the variance between the pleading and the proof.

**Statute of frauds — part performance.**

4. Taking possession of the land which was to be conveyed pursuant to an oral agreement, and paying taxes and making valuable improvements in reliance upon such agreement, is a sufficient part performance to take it out of the statute of frauds.

**Findings sustained by evidence.**

5. The evidence justified the court in finding that the alleged agreement was made, that plaintiff performed his part of it and that defendant's wife was a party to it.

[1] Reported in 177 N. W. 927.

Action in the district court for Stearns county for specific performance of an oral agreement to convey certain land. The case was tried before Roeser, J., who made findings and ordered plaintiff to make a proper release of the mortgage and defendants to deliver to plaintiff a deed of conveyance of the 120 acres. Defendants' motion for amended findings and conclusions was denied. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Peter Ahles* and *Paul Ahles,* for appellants.

*J. D. Sullivan,* for respondent.

LEES, C.

Appeal from an order denying a motion for a new trial in an action for the specific performance of an agreement to convey land.

It appears from the findings that defendants are husband and wife and that plaintiff is their eldest son. The alleged agreement, which was not reduced to writing, was made when plaintiff became of age. He agreed to remain at home and work for defendants, and, if he worked for others, to turn over his earnings, and to continue to do so until he married. They agreed to buy additional land and give him a farm when he married. He performed his part of the agreement, working for his parents on a small farm in the town of Avon in Stearns county, and turning over to them all his earnings from outside employment, amounting to about $600. In June, 1913, when he was 27 years old, he married. Some years before, his father had purchased 240 acres of land in the town of Albany not far from the home farm. There were some buildings on the north half of the land purchased and about 12 acres were under cultivation. The remainder of the land was covered with timber and brush, and there were no fences around it. The land was purchased for $4,500, $1,500 being paid in cash and a mortgage of $3,000 being given for the remainder of the purchase price. Defendants promised plaintiff that when he married he should have the north half of the tract, and that it would be conveyed to him pursuant to the agreement made. Thereafter and until plaintiff married, he and his father worked both farms. When he was about to be married and frequently thereafter, plaintiff requested his parents to give him a deed of the land promised him. They delayed executing it for one reason

or another, and finally in September, 1918, refused to make it, whereupon he brought this action.

A few days after plaintiff's marriage, defendants placed him in possession of the land in question and gave him a span of horses, some cattle and used farm machinery. He has occupied and cultivated the land ever since. After he went into possession, his father informed him that he must pay the taxes on the whole of the Albany farm and the mortgage of $3,000 and the interest on it as it fell due. He has complied with these conditions, and has made substantial improvements on the land he claims, clearing and breaking part of it, erecting additional buildings, and digging a ditch which partially drains the entire farm. He paid the mortgage shortly before this action was brought, taking an assignment of it, and at the time of the trial he was and thereafter continued to be able and willing to execute and deliver a complete satisfaction of the mortgage and has deposited the satisfaction in court to be delivered to defendants.

1. Specific performance of an oral agreement to convey lands will not be enforced, unless the making of the contract is clearly proved to the satisfaction of the court and its terms are definite and certain. Burke v. Ray, 40 Minn. 34, 41 N. W. 240; Lowe v. Lowe, 83 Minn. 206, 86 N. W. 11; Miller v. Miller, 125 Minn. 49, 145 N. W. 615. There was sufficient evidence introduced by plaintiff to justify the trial court in finding, within the rule above stated, that the alleged agreement was in fact made. Plaintiff testified to its terms and to his performance of it, and detailed the circumstances under which it was made. His parents contradict him. His wife, her father, and three witnesses not related to the parties, testified that the defendant Michael Kociemba had said on several occasions that his son John owned 120 acres of land in the town of Albany, which he had purchased for him. It is true that when the agreement was made, it was incomplete. It applied to no land in particular, but when the Albany farm was purchased the omission was supplied. The north half of the farm was designated as the particular tract John was to receive in satisfaction of the agreement. He consented to receive it, and thereupon the subject of the agreement was identified with sufficient certainty. Burgon v. Cabanne, 42 Minn. 267, 44 N. W. 118; Brown v. Munger, 42 Minn. 482, 44 N. W.

519. The fact that Michael, on one pretext or another, put off the execution of the deed after John took possession of the land, and that the latter was apparently content to go on working and improving it while Michael held the record title, does not conclusively show that John went into possession under some arrangement different from that to which he testified. The subsequent agreement to pay the taxes on the whole of the Albany farm and the mortgage against it was merely a modification of the original agreement in favor of the defendants. The complaint did not plead a modification, but in the findings the court ordered that it be amended to conform to the evidence received. There is, therefore, no question before us of a variance between the pleadings and the proof. Section 7784, G. S. 1913.

2. It is true that John has occupied the whole of the Albany farm since his marriage, but his occupancy of the south half of the farm was under no claim of ownership, but solely by his father's permission. He has paid for the use of this land by paying the taxes against it and the mortgage which was a lien upon it, as well as upon the land he claims to own. The facts are unlike those in Bresnahan v. Bresnahan, 71 Minn. 1, 73 N. W. 515, where the son, while in possession as the manager of his father's farm, claimed that he made an oral agreement with his father for the purchase of the farm. His possession subsequent to the making of the alleged agreement was not a new fact, but a continuation of a former similar condition. Here, the son went upon the land immediately after his marriage, taking possession for the purpose of establishing a home. Prior thereto his home was with his parents on the Avon farm, and he went upon the Albany farm only when working there for his father.

At the time it was purchased, Michael separated the north half of the farm from the south half by pointing out the north half to John, and telling him that it was his and that he should have a deed of it when he married. He confirmed the designation of the north half of the farm as John's when, at the time of his marriage, he told him to go upon it and live and work there. John took possession pursuant to this direction, and thereafter his father was neither actually nor constructively in possession.

146 M.—5.

3. There was sufficient part performance of the oral agreement to take it out of the statute of frauds within the rule stated in Brown v. Hoag, 35 Minn. 373, 29 N. W. 135; Veum v. Sheeran, 95 Minn. 315, 104 N. W. 135; Chapel v. Chapel, 132 Minn. 86, 155 N. W. 1054.

4. The purchase of the mortgage, followed by the deposit in court of a satisfaction, was a sufficient performance of John's agreement to pay and discharge it. Specific performance should not be denied because the mortgage was not satisfied before suit was brought.

5. According to John's testimony, his mother was present when the original agreement was made, and assented to it. Subsequently, when he asked her for a deed, she did not refuse it, but directed him to see his father about it. The court was justified in finding that she was a party to the agreement.

This covers all the assignments of error which require discussion. The trial court correctly disposed of the case and the order appealed from is hereby affirmed.