## JAMES F. SHEEHAN v. S. R. NELSON.[1]

October 8, 1926.

No. 25,417.

**Finding sustained that father did not make oral contract to give farm to his son.**

1. Plaintiff asserted that his father had made an oral contract to give him the farm in controversy at the father's death. The finding that no such contract had been made is justified by the record.

**Proof of such contract must be clear and convincing.**

2. To establish such a contract the proof must be clear, satisfactory and convincing.

**Statutory bar to testimony of such contract not removed by taking of father's deposition when he was incompetent.**

3. The father being dead, the statute prohibited plaintiff from testifying to an oral contract, and the fact that the father's deposition had been taken, but at a time when he was not competent to testify, did not remove the bar of the statute.

**If deposition removes the bar of the statute, it must be given effect as evidence.**

4. The court received plaintiff's testimony subject to the objection without thereafter making a formal ruling thereon. If the deposition of the father is given effect as removing the bar of the statute from plaintiff's testimony, it must also be given effect as evidence.

**No ground for disturbing findings, even with plaintiff's testimony in.**

5. If plaintiff's testimony be considered as in the case there is still no sufficient ground for disturbing the findings.

Specific Performance, 36 Cyc. p. 692 n. 57.
Witnesses, 40 Cyc. p. 2267 n. 83; p. 2318 n. 42, 43; p. 2342 n. 26, 33 New.

See note in 44 L. R. A. (N. S.) 748; 25 R. C. L. 310.

[1]Reported in 210 N. W. 284.

Action in the district court for Freeborn county to enforce an oral contract. The case was tried before Haycraft, J., who dismissed the action. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*H. H. Dunn,* for appellant.

*Nelson & Nelson* and *Moonan & Moonan,* for respondent.

TAYLOR, C.

Plaintiff, James F. Sheehan, began this action in 1916 against his father, James Sheehan, to establish and enforce an alleged oral contract, claimed to have been made in 1895, by which he agreed to remain with his parents and care for them during the remainder of their lives and to work upon and operate the farm of his father, and by which the father agreed that if plaintiff performed his part of the contract he should become the owner in fee of the farm at the death of the parent who lived the longest.

The Sheehan family consisted of the father, mother and two children, James F. born in 1867 and Hannah born in 1869. The father had acquired a farm of 160 acres in Freeborn county in 1858 and the children were born and raised on this farm. The father also acquired an additional 186 acres of land adjoining the original farm. Hannah married at the age of 24, and was given $1,000 and a small amount of personal property by her parents. Shortly thereafter James F. was given a deed to the 186 acres adjoining the original farm. He continued to reside with his parents and the two tracts were operated as one farm. He became the manager and carried on the farming operations. Out of the proceeds of the farms he made several improvements on the original farm and purchased another 160 acres for himself. He married in 1911. In 1913 the mother died. Later in 1913 plaintiff bought a house in the city of Albert Lea to which he removed, renting the farms. The father removed with him to Albert Lea and lived with him there until 1916. In 1916 the father left the home of plaintiff and went to the home of his daughter in Owatonna, with whom he lived thereafter until his death in 1919. Shortly after going to Owatonna, the father adver-

tised his original farm for sale, and thereupon plaintiff brought this action. The father died before the action was brought to trial and the administrator of his estate was substituted as defendant. The foregoing is by no means a full statement of the facts but we deem a further or more complete statement unnecessary.

The trial court found that the contract asserted by plaintiff had never been made and directed judgment for defendant. Plaintiff appealed from an order denying a new trial. The only question presented by the assignments of error or urged is whether the findings of the trial court are justified by the record.

The father died before the trial but his deposition had been taken before his death. He had become seriously ill shortly before the deposition was taken and a bare reading of his examination shows that his mind had become so clouded that he was unable to give an intelligent account of prior transactions. Plaintiff himself in his brief says:

"A casual reading of this deposition will show that James Sheehan was absolutely incompetent and mentally unfit to give any testimony. He had no memory as to facts and the most important affairs of his past life were forgotten by him. We submit that nothing can be made out of the deposition favorable to either side."

At the trial defendant objected to the testimony of plaintiff relating to an oral agreement with his father on the ground that it called for a conversation with a deceased person and was barred by the statute. Apparently on the theory that the existence of the deposition might render such testimony admissible, the court received it subject to the objection, reserving the question of admissibility to be passed upon later. Plaintiff testified to the making of the oral agreement. He was corroborated to some extent by his wife. He presented two witnesses who testified that the father, while living with plaintiff, had stated to them that at his death the farm would go to plaintiff. Neither of them, however, says that he mentioned or referred in any way to the existence of a contract with plaintiff. Their testimony tends to show that the father then intended to give the farm to plaintiff but does not go to the extent

of indicating that he recognized the existence of any contractual obligation to do so. The evidence, outside the testimony of plaintiff himself, is clearly insufficient to establish any agreement or legal obligation to give the farm to plaintiff.

The testimony of the plaintiff relating to the alleged agreement was clearly incompetent under the statute unless made competent by the fact that the deposition of the father had been taken before his death. The statute reads:

"It shall not be competent for any party to an action, or any person interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person relative to any matter at issue between the parties, unless the testimony of such deceased or insane person concerning such conversation or admission, given before his death or insanity, has been preserved, and can be produced in evidence by the opposite party, and then only in respect to the conversation or admission to which such testimony relates." G. S. 1923, § 9817.

The statute intends that a party shall not be permitted to testify to a conversation with or admission of a deceased or insane person, unless the testimony of such person concerning such conversation or admission and given when he was competent to testify is available for the use of the adverse party. If the mental faculties of the father had become so impaired and defective that when his deposition was taken he was not capable of testifying intelligently concerning the matters to which the examination was directed, the taking and existence of the deposition cannot be held to have removed the bar of the statute. That such was the condition of the father seems to be conceded, as appears from the excerpt quoted from plaintiff's brief, and we think sufficiently appears from the examination itself which occupied parts of two days. The court received the testimony subject to the objection, but made no formal ruling on the objection thereafter except as implied from the statement in the findings of fact, "that there is no proper proof of a contract made between the father, James Sheehan, and the plaintiff, in 1895, or at any time, by which the father agreed to give, convey or will the above described land to plaintiff."

We think this finding amply justified by the record.

But, assuming that the existence of the deposition furnished a sufficient foundation for the admission of plaintiff's testimony and that such testimony is properly in the case, the plaintiff would still not be entitled to prevail on this appeal. If the deposition is given effect as furnishing a sufficient basis for the admission of plaintiff's testimony, it must also be given effect as competent evidence in the case. In it the father asserted positively that no agreement to give the farm to plaintiff had ever been made. Although, when questioned concerning important matters and transactions, he usually answered that he did not know anything about them, whenever he was asked if he had not promised to give the farm to plaintiff he unequivocally denied making any such promise. Viewing both the testimony of plaintiff and the deposition of the father as competent evidence, it amounts to this, that the son asserts the making of the contract and the father denies it. The evidence to establish such a contract must be clear, satisfactory and convincing. The one asserting such a contract must present not merely a preponderance of the evidence, but evidence which convinces the court so that it can say that it is satisfied that both parties intended to, and did in fact, make the asserted contract. Even if the testimony of plaintiff were admitted and that of the father rejected, the court would not be required to find that the contract had been made, unless, after considering all the facts and circumstances disclosed, it was satisfied that such was the fact. Powers v. Johnson, 107 Minn. 476, 120 N. W. 1021; Greenfield v. Peterson, 141 Minn. 475, 170 N. W. 696; Hinkle v. Berg, 156 Minn. 307, 194 N. W. 637; Smith v. Erlandson, 160 Minn. 168, 199 N. W. 927, and cases cited in those cases.

The court expressly found that the contract asserted by plaintiff had not been made, and we are satisfied that the record justified the finding whether plaintiff's testimony was admitted or excluded.

The action was brought against the father in his lifetime but was not brought to trial until several years after his death. The question whether such an action could be maintained against the father in his lifetime has not been raised, and the conclusion reached on

the main issue renders it of no consequence in this case. For these reasons that question has not been considered or determined. We mention this that the decision may not be deemed an authority for bringing such an action.

The order appealed from is affirmed.