## WILLIAM CONRAD v. OLIVER PELOQUIN.[1]

June 14, 1929.

No. 27,234.

*Hubert M. Harvey,* for appellant.

*Hugh H. Gillen,* for respondent.

[1]Reported in 226 N. W. 195.

HOLT, J.

Action for alienation and criminal conversation. When plaintiff rested the cause was dismissed on defendant's motion. Plaintiff appeals from the order denying a new trial.

Plaintiff's wife became suddenly insane, was committed to the state asylum at Rochester, and died within three weeks. The defendant and plaintiff were neighboring farmers. About two weeks prior to the time of the wife's affliction, plaintiff's suspicions were aroused on overhearing some chance remarks between his wife and defendant when the latter came over to borrow yeast cakes. The conversation between the two, as related by plaintiff on the witness stand, contains nothing which would warrant a jury to infer meretricious conduct. Plaintiff however testified that he then asked defendant what he meant by the talk he just had with his wife, to which the retort was, "Ask her about it." The parties thereupon went into the house. The subject was not pursued further. Defendant was given the yeast cakes. No questions were asked the wife in defendant's presence; and he soon left, as other visitors arrived. A report of the examiners of plaintiff's wife in the probate court was permitted to remain in the case over the objection of defendant. This recites the ravings of the insane woman, pure hearsay, upon which no verdict could be allowed to rest. The inculpatory statements which plaintiff testified defendant made to him after his wife had been taken away are so ambiguous and vague as to be of little value. We are clearly of the opinion that the action was properly dismissed.

Plaintiff assigns error on the refusal of the court to permit him to testify to what his wife told him concerning defendant's relations with her. It is conceded that G. S. 1923 (2 Mason, 1927) §§ 9814 and 9817, stand in the way. But it is contended that defendant made the wife his agent by directing her to give the information plaintiff desired, thus making her statements to her husband admissible. Numerous cases involving business transactions where a person had been designated to do an act for a party and the doings and admissions of the person so designated have been held admissible

against such party in subsequent litigation are cited. Chadsey v. Greene, 24 Conn. 562; Marsh v. Hammond, 93 Mass. 483; Chapman v. Twitchell, 37 Me. 59, 58 Am. D. 773; Skidmore v. Johnson, 70 N. J. L. 674, 57 A. 450; State v. Kent, 4 N. D. 577, 62 N. W. 631, 27 L. R. A. 686; Equitable Mfg. Co. v. Cooley, 69 S. C. 332, 48 S. E. 267. There was no such designation of agent here as to evade the force of the statute, even if it could be done. When defendant told plaintiff to ask his wife, plaintiff did not attempt to do so while defendant was there. He went into the house and remained quite a little while, but the subject was not there broached. But be that as it may, we think the proffered testimony was correctly excluded under the interpretation of § 9817 of our statute, above referred to, in Pederson v. Christofferson, 97 Minn. 491, 106 N. W. 958, and cases there cited. See also Morrow v. Porter, 161 Minn. 396, 202 N. W. 53; Sheehan v. Nelson, 168 Minn. 426, 210 N. W. 284.

The order is affirmed.