## GENERAL FINANCE, Inc., v. STRATFORD.

### No. 7346.

United States Court of Appeals for the District of Columbia.

Decided Jan. 29, 1940.

Alvin L. Newmyer and David G. Bress, both of Washington, D. C., for appellant.

Arthur J. Hilland, John W. Cross, and DeWitt S. Hyde, all of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

General Finance, Inc., appellant here (Finance), has been held liable as garnishee, for $1,607.85, on a judgment previously recovered by appellee against General Taxicab, Inc. (Taxicab).

The judgment against Taxicab was entered on March 15, 1938, and garnishment was served on appellant on March 23. On March 31 appellant answered, to the effect that it was not at the time of service, or between that time and the filing of the answer, indebted to Taxicab or in possession of any chattels or credits of Taxicab. Appellee's witness Hyde testified that he accompanied appellee's counsel to appellant's office for the purpose of examining books and records pertaining to Taxicab; that Ostrow, appellant's president, directed them to go° over the books and records with appellant's bookkeeper Hausenblaus; that Hausenblaus stated that appellant's receipts for March, 1938, for General Taxicab, Inc., were $3,753.42; that Hausenblaus initialed a statement to that effect, which was introduced in evidence, viz., "Total cash receipts for March 1938 were $3,753.42 for General Taxicab, Inc., JBH"; that Hausenblaus produced duplicate deposit slips and bank statements made out in appellant's name, which were also introduced in evidence; that these slips and statements carried notations which Hausenblaus said meant that deposits in appellant's bank account made during March, 1938, to a total of $3,753.42, represented funds of Taxicab; that Hausenblaus stated that transfers from Taxicab account to Finance account were made only at the end of the month; and that Hausenblaus initialed a statement to that effect, which was introduced in evidence.

Appellant objected to this testimony, and contends that the statements of Hausenblaus should have been excluded as hearsay. We think they were properly admitted against appellant, as admissions which appellant had authorized Hausenblaus to make in its behalf. "Where one person is sent by another to a third party for information in reference to an uncertain or disputed matter, the person sending is bound by the declarations of the party to whom he was referred, as if they were made by himself"; i. e., they are admissible in evidence against him. Allen v. Killinger, 8 Wall. 480, 486, 487, 19 L.Ed. 470. "The admissions of a third person are receivable in evidence against the party who has ex-

pressly referred another to him for information in regard to an uncertain or disputed fact." Chapman v. Twitchell, 37 Me. 59, 62, 58 Am.Dec. 773. Drake v. Holbrook, 78 S.W. 158, 25 Ky.Law Rep. 1489, was an action for deceit in the sale of corporate stock. The trial court prevented plaintiff from testifying to statements about the corporation's affairs which the corporation's bookkeeper had made to plaintiff. It was held that this evidence should have been admitted, because defendant had told the bookkeeper to show the books to plaintiff and tell plaintiff everything he wanted to know about them. In Skidmore v. Johnson, 70 N.J.L. 674, 57 A. 450, plaintiff had written a letter to defendant asking for payment of an alleged debt, and defendant had directed her daughter to write a reply, without telling her what to write or being told what she wrote. This letter was held admissible against the defendant. In Chadsey v. Greene, 24 Conn. 562, 571, defendant, in negotiating a sale to plaintiff, referred plaintiff to a neighbor for information regarding defendant's character and responsibility. What the neighbor said to plaintiff was received in evidence. Cf. Wigmore, Evidence, 2 Ed., §§ 1069, 1070. Hausenblaus was a witness at the trial, and appellant could have examined him on his admissions if it had cared to do so. Moreover, the effect of the doctrine of admissions is to dispense with the requirement of cross-examination. A party has no need to crossexamine himself, and he seldom has need to crossexamine those whom he has authorized to speak for him. Usually, as in this case, he can do so if he chooses.

We need not decide whether the statements of Hausenblaus would have been admissible, because he was appellant's agent, even if he had not been detailed by appellant's president to go over the books with appellee's counsel.[1]

■ There was other evidence for both parties. That which we have discussed was enough, in our judgment, to establish appellee's prima facie case. Its weight, and the weight of appellant's countervailing evidence, were questions for the District Court.

Affirmed.

---

[1] Cf. Pan-American Petroleum & Transport Company v. United States, 273 U.S. 456, 499, 47 S.Ct. 416, 71 L.Ed. 734; Takahashi v. Hecht Company, 60 App.D.C. 176, 178, 50 F.2d 326; Wigmore, Evidence, 2 Ed., § 1078.