BESSIE NEWTON, an Infant, by her Guardian, vs. BUNA NEWTON, impleaded, etc.

April 7, 1891.

Agreement to Make Will or Specific Bequest.—A party to a contract may obligate himself for a valuable consideration to make his will in a particular way, or to give certain specific property to a particular person, so as to bind his estate.

| 46 | 33 |
| 52 | 500 |
| 46 | 33 |
| 67 | 317 |
| 46 | 33 |
| 68 | 236 |
| 46 | 33 |
| 71 | 143 |
| 46 | 33 |
| 73 | 400 |
| 46 | 33 |
| 76 | 492 |

Same—Promise to Bequeath Note—Remedy in Case of Death of Promisor Intestate.—It is alleged and found that the note in controversy here was made to the payee, E. N., in her lifetime, among other things, in consideration that at the death of the latter it should become the property of plaintiff, and that the payee would by her will give and bequeath the same to her. E. N. died intestate, and B. N. holds the legal title thereof. *Held*, that upon the death of E. N. plaintiff became equitably entitled to the note, and that she might enforce her claim of title thereto, and her right to collect the proceeds thereof, as against the holder, unless he was a *bona fide* purchaser without notice, by an action in equity to have him declared trustee for her, and to restrain him from collecting and appropriating the proceeds thereof.

Equity—Remedy at Law—Waiver of Objection.—Where parties voluntarily proceed to trial on the merits in an equity suit, it is too late to raise the objection that the plaintiff had an adequate legal remedy.

Chose in Action—Bona Fide Purchaser.—The title of a *bona fide* purchaser of a chose in action, without notice of the prior equity of a third party against his vendor, will prevail over such equity, but a purchaser with notice thereof acquires the title of such vendor only.

Same—Pleading and Proof Required of Purchaser.—And the burden rests upon such vendee, if he would avail himself of the rule in favor of *bona fide* purchasers, to bring himself within it. He is bound to deny notice of the prior equity in order to raise the issue. The equity rule is equally applicable under the Code system of pleading.

Appeal by defendant Buna Newton from an order of the district court for Olmsted county, *Start, J.*, presiding, refusing a new trial.

*Burt W. Eaton* and *Davis, Kellogg & Severance,* for appellant.

*Chas. C. Willson,* for respondent.

VANDERBURGH, J.   The controversy in this case is over plaintiff's right and title to a chose in action,—an indebtedness of $4,000, due from the defendants Geisinger and Salina E. Newton, evidenced by a promissory note by them executed to one Emily A. Newton, now deceased, and dated on the 1st day of June, 1883.   The makers were the executor and executrix of the last will of Angelo Newton, late of Olmsted county, who died in 1881; and the payee, who was his mother, residing in the city of New York, was a creditor and one of his legatees.   The defendant Buna Newton, a son of Emily A. Newton, also claims to own the note, and to have acquired the same of her shortly before her death in 1888.   It is claimed by the plaintiff and found by the court that in January, 1883, there was due Emily Newton from the estate of Angelo Newton upwards of $8,000; that the property of the deceased, consisting chiefly of unsalable real estate, could not be sold and converted into money without great sacrifice; and that, as the result of negotiations conducted between the parties, terms of settlement were agreed on, in pursuance of which the note in question was executed.   They are concisely stated by the court in its findings as follows:   "Thereupon such negotiations by letter were had by and between the said Emily A. Newton on the one side and the said Samuel Geisinger and Salina E. Newton on the other that it was mutually agreed between them that in payment of her said claim the said Geisinger and Salina E. Newton should raise and pay to her $4,000 by June 1, 1883, and execute and deliver to her their two personal promissory notes,—one for $600, due in six months from said date, with interest at the rate of seven per cent. per annum, and one for $4,000, due in five years thereafter, with interest, payable semi-annually, at the rate of seven per cent. per annum; and in consideration thereof the said Emily A. Newton agreed that the interest on the said $4,000 note should be collected by her during her life for her own use, but the principal thereof should remain uncollected by her, (the said note to be renewed if necessary,) and should be paid upon her death to her said grandchild, Bessie Newton, the plaintiff herein; and that, in aid of said agreement, she would bequeath to said Bessie said $4,000 note; and that said Bessie should have said note upon the death of the said Emily A. Newton,

who was to receive only the semi-annual interest on said note during her life. That the defendants Geisinger and Salina E. Newton performed all the conditions of said contract on their part. They raised said $4,000 in cash from their own means and by a pledge of their individual credit, paid the same to said Emily A. Newton, and executed and delivered to her their personal notes pursuant to said contract, and during her life paid her the semi-annual interest on said $4,000 note, and the interest on said $600 note to June 1, 1888. Said notes are the same notes described in the pleadings in this action." The agreement is thus found to have been fully performed on the part of Geisinger and Salina Newton; and it thus appears that the promise and agreement on the part of Emily Newton to make this specific provision for the plaintiff, her granddaughter, to take effect at her death, was founded upon a valuable and adequate consideration.

Assuming the finding to be supported by the evidence, the contract is a valid one, and may be enforced. Such a disposition of property is as much the subject of an executory contract as any other. In other words, a party may obligate himself to make his will in a particular way, or to give certain specific property to a particular person, so as to bind his estate. But the courts will be strict in looking into the nature and circumstances of such agreements, and require satisfactory evidence of the fairness and justness of the transaction. *Rivers* v. *Rivers*, 3 Desaus. Eq. 190, 195; *Izard* v. *Middleton*, 1 Desaus. Eq. 116; *Johnson* v. *Hubbell*, 10 N. J. Eq. 332, 66 Am. Dec. 784, note, and cases. In this case, however, the transaction seems entirely reasonable. It was upon a fair consideration. There was a sufficient inducement for such provision for her grandchild, in the settlement that was made, out of the indebtedness of her father's estate to her. That such agreements are valid, and that their execution may be enforced, the counsel for the appellant do not question.

1. There is sufficient evidence to sustain the finding of the court in respect to the nature and terms of the contract. The testimony of defendants Geisinger and Salina Newton directly tends to establish it; and, whatever criticism upon its credibility may be suggested, it was not successfully or conclusively impeached; and we find no

ground for opening the question of the credibility of these witnesses, which was fully considered and passed upon by the trial court. The testimony of both these witnesses is quoted in the brief of defendants' counsel, to show that it tended to prove that Mrs. Newton agreed to make a testamentary disposition of the note to the plaintiff, and nothing more; and we think it is very clear that at least that effect may be given to it.

2. The plaintiff claims to be equitably entitled to the note in controversy, which was, when this action was brought, under the control of the defendant Buna Newton, who is a non-resident, and alleged to be insolvent; and the same is in the possession of one of his attorneys, the defendant Eaton, and within the jurisdiction of the court; and it appears that Emily Newton's estate has been divided up among her children residing in New York and New Jersey, that no proceedings have been taken to administer upon her estate, and that the plaintiff has no adequate remedy against the heirs, which must be sought in a foreign jurisdiction, if the defendant is permitted to take the note or its proceeds out of the state, if collected, as he threatens to do. She was not a party to the pending action by Buna Newton to recover upon the note, and intervention in that suit would not have afforded adequate relief or protection. The action is one of equitable cognizance, and the relief sought is such as, under the special circumstances of the case, was necessary for the protection of the plaintiff's rights as the beneficial owner of the note, whether the action be treated as one to declare the defendant Buna Newton a trustee of the legal title for her, as he may be, unless he is a *bona fide* purchaser thereof, or whether the relief be technically to transfer the note to her through the operation of the injunction,—the result being practically the same. Wat. Spec. Perf. § 16; *Parker* v. *Garrison*, 61 Ill. 250. The jurisdiction of the court cannot be questioned. The parties have appeared and contested the whole case upon the merits, and it is now too late to raise the objection that plaintiff had an adequate remedy at law. *St. Paul & Sioux City R. Co.* v. *Robinson*, 41 Minn. 394, (43 N. W. Rep. 75.)

3. The agreement between Emily Newton and defendants Geisinger and Salina Newton was attempted to be proved by the correspond-

ence of the parties. Counsel for plaintiff duly served notice upon the defendant to produce the letters received by Mrs. Newton. In response the counsel for defendant Buna produced a large number of such letters, but not all; and the court afterwards allowed secondary evidence of the contents of some that were not so produced. This is alleged as error. But, if in existence, the letters were beyond the jurisdiction of the court, and presumably among the papers and effects of the deceased. She died at the house of Buna Newton, where she had been for two months. He was her business adviser, and had charge of her business affairs, and he says she had authorized him to settle this claim, which he claims to have purchased of her a short time before her death. There was no administration, the estate having been divided between the three brothers, her sole heirs. He found the letters produced by him among her papers, to which he had free access, and which seem to have been under his control. In the absence of some explanation on this point, we think this affords a reasonable foundation to support the ruling of the court.

4. If the missing letters had been discovered and produced, they would speak for themselves, and would have been evidence in the case if the contents were material. Not being produced, secondary or parol evidence of their contents was properly admitted. It is not evidence "of or concerning any conversation with or admission of a deceased party or person," within the meaning of the statute, (Gen. St. 1878 *c.* 73 § 8,) which refers to spoken words, as heretofore decided in *Chadwick* v. *Cornish,* 26 Minn. 28, (1 N. W. Rep. 55;) and *Livingston* v. *Ives,* 35 Minn. 55, 62, (27 N. W. Rep. 74.)

5. The defendant Buna Newton is clearly right in his contention that the title of a *bona fide* purchaser of a chose in action, such as a bond, mortgage, or note, as in this instance, would be held superior to the prior equity of one to whom the vendor had previously agreed to transfer the same. *Cochran* v. *Stewart,* 21 Minn. 435. But, as against a prior equity, the holder of the note must have acquired an equal equity. So a contract for land is an equitable right, which gives way to a subsequent sale where that legal right has an equal equity. Relief is given because the sale after notice is held to be in

fraud of the prior equitable incumbrance. *Farmers' Fire Ins. Co.* v. *Edwards,* 26 Wend. 541, 561. And a purchaser with notice of any outstanding equity against his vendor is therefore justly held to take the place of such vendor, and to acquire his rights only. *Youngs* v. *Wilson,* 27 N. Y. 351. If the purchaser of the legal title would avail himself of the protection of the rule in favor of *bona fide* purchasers, he must bring himself within it, by showing that he is such purchaser. It will be observed that the issue of the good faith of Buna Newton's purchase of this note is not raised by the pleadings. The plaintiff does not allege notice, and the defendant does not allege that he acquired title without notice. The sole averments in respect to the purchase in the answer are "that on or about October 15, 1888, the said Emily A. Newton, for value received, sold, transferred, indorsed, and delivered the said note to the said Buna Newton." The rule in equity, applicable as well under the reformed procedure, is that whatever is essential to the right of a party, and is necessarily within his knowledge, must be positively and precisely alleged; and a party coming in the character of a *bona fide* purchaser is bound to state affirmatively the equity of his case. If he will not aver the fact that he is a purchaser without notice, we are not bound to presume it; the fact rests in his own knowledge. Kent, Ch., *Frost* v. *Beekman,* 1 John. Ch. 288. The denial of notice is essential to the validity of the defence. In *Denning* v. *Smith,* 3 John. Ch. 332, 345, the chancellor says: "The defendant, Judson, does not put himself forward as a *bona fide* purchaser without notice of any irregularity. * * * If a purchaser wishes to rest his claim on the fact of being an innocent *bona fide* purchaser, he must deny notice, even though it be not charged, and he must deny it positively, not evasively." So, in *Harris* v. *Fly,* 7 Paige, 421: If the defendant wished to protect himself as a *bona fide* purchaser without notice of plaintiff's equity, he was bound to deny such notice so as to raise the issue. *Murray* v. *Finster,* 2 John. Ch. 155; *Jewett* v. *Palmer,* 7 John. Ch. 65; *Minor* v. *Willoughby,* 3 Minn. 154, (225, 237, 238;) Story, Eq. Pl. § 805. The defence must be taken advantage of either by demurrer or answer. "If the fact that defendant is a *bona fide* purchaser is clearly shown by the complaint, the defendant may demur; otherwise he must set

out the facts constituting this defence in his answer. Unless the facts appear by the complaint, so as to permit a demurrer, there can be no doubt that, under the new system as well as the old, the defence must be pleaded, in order to be available." 2 Pom. Eq. Jur. § 784; *Weeks v. Milwaukee, etc., Ry. Co.,* (Wis.) 47 N. W. Rep. 744, and cases. The issue was not made in this case; neither was the question litigated by consent without pleading the facts. Any evidence as to the purchase came in under other issues. Defendant was not entitled to a finding on the question of notice, and he is not entitled to be considered a *bona fide* purchaser of the note; and a court of equity will not aid him as the holder of the legal title as against plaintiff's prior equity.

Order affirmed.