ELIZABETH STELLMACHER v. CHARLES BRUDER and Others.[1]

June 12, 1903.

Nos. 13,439—(134).

**Contract to Make Will.**

A party may obligate himself to make his will in a particular way, or to give specific property to a particular person.

**Remedy for Breach.**

The remedy for a breach of such a contract depends upon the facts of each particular case. If it be an oral one, and is reasonably certain as to its subject-matter and its stipulations, equity will decree specific performance, if there has been a part performance of such a character as will take a parol agreement to convey land out of the statute of frauds.

**Consideration.**

If the consideration be that the promisee shall assume a peculiar and domestic relation to the promisor, and render to him services of such a character that it is practically impossible to estimate their value by any pecuniary standard, specific performance will be decreed; otherwise not.

**Complaint.**

Held, distinguishing Svanburg v. Fosseen, 75 Minn. 350, that the complaint herein does not state a cause of action for the specific performance of such a contract.

Action in the district court for Faribault county against defendants, the administrator and heirs of Ferdinand Stellmacher, deceased, to enforce specific performance of an oral contract by deceased to convey, at his death, certain land to plaintiff. From an order, Quinn, J., sustaining separate demurrers to the complaint interposed by defendants, plaintiff appealed. Affirmed.

C. N. Andrews, for appellant.

Conant & Conant and Putnam & Nicholsen, for respondents.

START, C. J.

Appeal from an order of the district court of the county of Fari-

[1] Reported in 95 N. W. 324.

bault sustaining a demurrer to the complaint on the ground that it did not allege facts constituting a cause of action, and for a defect of parties defendant.

The complaint alleges that Ferdinand Stellmacher, deceased, was at the time of his death, and had been for more than thirteen years prior thereto, the owner in fee of a certain tract of land in the county of Faribault; that the defendant Bruder is the administrator of the estate of the deceased, and that the other defendants are his sole heirs-at-law. The complaint also alleges, in effect, these facts: For more than thirteen years prior to his death the deceased was an unmarried man, a cripple, unable to do ordinary work, never in good health, not pleasant to have around, required special care on the part of those with whom he lived, and he had no children or home of his own. On July 14, 1889, he requested permission of P. Otillie Stellmacher and Gustav Stellmacher, the father and mother of plaintiff, to make his home with them, and, with their consent, he then became a member of their household, and thereafter continued to reside with them at their house up to the time of his death. After he had so resided nearly three years with them he made to and with P. Otillie Stellmacher, Gustav Stellmacher, and the plaintiff an oral promise, and verbally agreed with them, that for the board and services already rendered and furnished to him, and if P. Otillie Stellmacher would continue to furnish him with board, room, and washing in the household of herself and husband during his life, and if her husband would assent to the arrangement, and if plaintiff would assist in caring for his wants, she should have his land at his death, and that he would leave it to her when he died, and that he would make provision by deed or will, in proper time, to carry out the agreement. P. Otillie Stellmacher and Gustav Stellmacher and the plaintiff all assented to the agreement, and thereafter, in pursuance of the same, the deceased continuously up to the time of his death resided with P. Otillie Stellmacher and Gustav Stellmacher, and during all of the time, in pursuance of and relying on his promise and agreement, P. Otillie Stellmacher furnished him room, board, and washing, and a home in her household, and during all of the time the plaintiff, in pursuance of the

agreement, assisted in caring for his wants, and nursed him in sickness, and remained single in order to carry out the agreement; and in all things P. Otillie Stellmacher and Gustav Stellmacher and the plaintiff at all times fully kept and performed the agreement on their part. The services so rendered by them to the deceased are incapable of estimate by any pecuniary standard, and neither party to the contract intended that the services should be so measured, and it is impossible to estimate the value of such services in money, and no payment has ever been made therefor. The deceased was the brother of the plaintiff's father, and there was at all times a special affection on his part for the plaintiff, and this fact entered into and was a moving cause for the making of the contract. The deceased did not, by deed, will, or otherwise, make any provision for carrying out the agreement on his part, but he died intestate. Do these facts constitute a cause of action? We answer the question in the negative.

A party may obligate himself to make his will in a particular way, or to give specific property to a particular person, so as to bind his estate. But the courts will be strict in looking into the circumstances of such agreements, and require full and satisfactory proof of the fairness and justness of the transaction. Newton v. Newton, 46 Minn. 33, 48 N. W. 450; Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4. The remedy for the breach of such a contract depends upon the facts of each particular case. If the contract be an oral one to devise land, and is reasonably certain as to its subject-matter and its stipulations, equity will decree specific performance, if there has been a part performance of such a character as will take a parol agreement to convey land out of the statute of frauds, upon principles which courts of equity recognize and act upon. If the consideration for the contract be labor and services which may be estimated, and their value liquidated in money, so as reasonably to make the promisee whole, specific performance will not be decreed. But where the consideration of the contract is that the promisee shall assume a peculiar and domestic relation to the promisor, and render to him services of such a peculiar character that it is practically impossible to estimate their value by any pecuniary standard, specific performance

will be decreed.  Svanburg v. Fosseen, supra; Johnson v. Hubbel: (2 Stock. Ch. 332), 66 Am. Dec. 773, notes.

It is the claim of plaintiff's counsel that the facts stated in the complaint bring this case within the rule we have stated as to the specific performance of such contracts.  The correctness of the claim must be tested by the allegations of the complaint as to the contract, and an inquiry as to what relation, if any, did the plaintiff and her mother agree to assume to the deceased, and what services did they promise to perform, because acts in part performance, to take an oral contract to devise or convey land out of the statute of frauds, must be done under and pursuant to the contract.  Now, the alleged contract between the parties was to the effect that the deceased orally agreed, in consideration of board and services already furnished and rendered, and a promise by the plaintiff's mother, with the consent of her father, to continue to furnish him board, room, and washing in their household, and the plaintiffs promise to assist in caring for his wants, he would leave the land to her by deed or will.  The fair import from the express terms of the contract is that the deceased was to be furnished board, room, and washing in the home of the plaintiff's parents, and she was to assist her mother in caring for his wants.

It is clear that there is a material difference between this contract and the one in the case of Svanburg v. Fosseen, supra. The complaint in that case alleged that the plaintiff and her sisters were orphans of the ages of eight, ten, and thirteen years, respectively, and that an oral contract was made with their uncle and aunt to the effect that, if the plaintiff and her sisters would live with them and give them their services as they should be directed until they grew up, the uncle and aunt would at their death leave the plaintiff and her sisters all of the property they might own at their death, which agreement was performed on the part of the plaintiff and her sisters.  Or, in other words, the orphans agreed to, and did, assume to their uncle and aunt the relation of children to their parents, and obeyed and served them as agreed.

There being no element of a peculiar personal and domestic relation in the contract, as alleged in the complaint under consid-

eration, it does not appear upon the face thereof that the plaintiff cannot be fairly compensated in money for her uncle's breach of his oral contract. Therefore the complaint does not allege facts constituting a case for specific performance of the contract, and the demurrer was correctly sustained on this ground.

With reference to an amendment of the complaint, we deem it proper to state that the wife of the defendant Gustav Stellmacher is a necessary party to an action to compel specific performance of the alleged contract to convey or devise the land to the plaintiff, and, further, that the district court has jurisdiction of the action.

Order affirmed.