## MAX HAUBRICH v. ANTON HAUBRICH and Others.[1]

July 5, 1912.

Nos. 17,589—(133).

**Contract to will entire estate — proof.**
Action for specific performance of an alleged oral contract made by the

[1] Reported in 136 N. W. 1025.

---

[Note] Specific performance of contract to devise land in consideration of performing services or furnishing support, where no possession taken or improvements made, see note in 15 L.R.A. (N.S.) 466.

plaintiff and his stepfather, whereby he agreed that if plaintiff would continue to live with him, give him his services, and care for him as a son, he would at his death give and leave all his property to the plaintiff. The trial court found as a fact that the alleged contract was not made. *Held:*

1. A party to a contract may obligate himself to make his will in a particular way, or to give specific property at his death to a particular person, so as to bind his estate; but courts will require full and satisfactory proof of such contracts and the fairness of the transaction.

2. The evidence sustains the trial court's findings of fact, which support its conclusion of law and judgment that the plaintiff take nothing by his action.

Action in the district court for Renville county against the administrator of the estate of Peter J. Haubrich, deceased, and the heirs at law of decedent, to enforce specific performance of a contract. The case was tried before Powers, J., who made findings and conclusion of law as set forth in the opinion. From the judgment in favor of defendants, entered pursuant to the findings, plaintiff appealed. Affirmed.

*L. E. Utley, C. A. Fosnes* and *Alfred K. Fosnes,* for appellant.

*Frank Murray, J. B. Baker, Lyndon A. Smith, Clifford L. Hilton* and *Edward T. Young,* for respondents.

START, C. J.

This is an appeal by the plaintiff from a judgment of the district court of the county of Renville in an action for the specific performance of an alleged oral contract made by Peter J. Haubrich, hereinafter referred to as the deceased, whereby he agreed that, if the plaintiff would continue to live with him, give him his services, and care for him as a son would for a father, he would, in consideration thereof, and at his death give and leave to him all the property he then had. The complaint alleged the making of the contract, performance on the part of the plaintiff, the failure of the deceased to perform on his part, and his death intestate. The answer admitted that the plaintiff did work for and render services to the deceased, and alleged that the same were paid for in full by the deceased in his lifetime, and put in issue the allegations of the complaint as to the making of

the alleged contract and its performance. The case was tried by the court, without a jury, and it found as a fact that the alleged contract was not made. The court also made findings of evidentiary facts to the effect following:

The deceased, in 1885, married the plaintiff's mother, Alvena Krause. The plaintiff was then some five years old. He went with his mother to the home and farm of the deceased, who had no children, and was given the name of Max Haubrich. Thereafter, and until his mother's death all three of them lived on the farm as one family. The plaintiff during such time conducted himself and was treated in all respects as the son of the deceased. He went to school in winters, and the rest of the time he did chores and worked on the farm as other boys in the neighborhood did for their parents. After the death of the mother, the deceased and the plaintiff continued so to work and live together on the farm until June 1, 1906, when the plaintiff went to North Dakota. He there took land under the United States homestead laws by filing thereon, returning in about ten days. In November thereafter he went back to his homestead, and resided thereon for one year, when he commuted and proved up on his homestead, paid for the land, and again returned to the deceased and his farm. In the fall of 1908 he was absent, working for his own benefit in St. Paul and Minneapolis, for two or three months. Immediately prior to April 1, 1909, he was in Minneapolis for some two months; but on that date, and seventeen days before the deceased died he returned to him and remained with him until his death on April 18, 1909. The deceased, after the death of his wife, on many occasions and at many different times, using various forms of expression, said in substance that he would give or leave all his property to Max when he died, and that the boy, Max, would get or have it all when he died, and he intended that Max should have all his property at his death, but whether this should be by deed or will, or he thought Max, as his stepson, would inherit it, is not clear, and is not found. Plaintiff received from the deceased, after June 1, 1906, the sum and value of $1,300 in money and personal property, either as a gift, or in payment of the labor and services done or rendered by him to the de-

ceased, who died intestate, and did not leave or give to the plaintiff any of his property, except the $1,300.

The trial court as a conclusion of law directed judgment for the defendants, to the effect that the plaintiff take nothing by his suit, and that he had no title to or interest in any of the property left by the deceased.

The plaintiff's assignments of error raise the questions whether the facts found sustain the conclusion of law, and whether the findings of fact are sustained by the evidence.

The law applicable to these questions is too well settled to justify any extended discussion. A party to a contract may obligate himself to make his will in a particular way, or to give specific property at his death to a particular person, so as to bind his estate; but courts will require full and satisfactory proof of such contracts and of the fairness of the transaction. The remedy for a breach of the contract depends upon the circumstances of each particular case. If it be an oral contract, and its subject-matter land, equity will decree specific performance, if there has been such part performance as will take an oral agreement to convey land out of the statute of frauds. Specific performance of the contract will not be enforced, where the consideration is labor and services which may be estimated and their value liquidated in money; but where the consideration is that the promisee shall assume a peculiar and distinct relation to the promisor, and the services are of such a character that it is practically impossible to estimate their value by any money standard, specific performance will be decreed. Newton v. Newton, 46 Minn. 33, 48 N. W. 450; Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L.R.A. 427, 74 Am. St. 490; Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324, 99 Am. St. 609; Richardson v. Richardson, 114 Minn. 12, 130 N. W. 4.

If the facts found by the trial court are sustained by the evidence, we are clearly of the opinion that they support the conclusion of law and justify the judgment for the defendant.

The only debatable question presented by the record is whether the evidence sustains the controlling findings of fact; the primary one being that the alleged contract was not made. The plaintiff called several witnesses, who severally testified to the effect that the deceased

repeatedly stated that the plaintiff should have all his property when he died. The fair inference from this evidence is that stated by the learned trial judge in his findings of fact. There was, on behalf of the defendants, evidence tending to show statements by the plaintiff to the effect that there was no agreement between him and the deceased as to payment for plaintiff's services. We have carefully considered all of the evidence, and find that it fairly sustains the findings of fact.

Judgment affirmed.