FRANCES ELLEN ROBERTSON v. CHARLES CORCORAN
and Others.

JOHN MATTHIAS CARR v. SAME.[1]

March 6, 1914.

Nos. 18,470, 18,471—(276, 277).

**Specific performance of contract to make will.**

1. A person may, by contract, bind himself to give his property to certain designated persons at his death, and specific performance thereof may be enforced.

**Same — requisites.**

2. To warrant specific performance of an oral contract to give property by will, the contract must be reasonable and satisfactorily established, and must have been performed to such extent and in such manner that the beneficiary cannot be properly compensated in damages.

**Same.**

3. Assuming a peculiar personal and domestic relation as a member of the family of the promisor, pursuant to the contract and giving him the society and services incident to such relation, and of a kind and character, the value of which is not measurable in money, is sufficient to justify specific performance; but services not of such peculiar character, and for which reasonable compensation can be made in money, are not sufficient to justify such relief.

**Motion for judgment upon pleadings.**

4. Upon a motion for judgment on the pleadings, every reasonable intendment will be indulged in favor of the pleading attacked. *Held* that under this rule it was error to grant judgment on the pleadings in the present case.

[1] Reported in 145 N. W. 812.

Note.—On the question of specific performance of contract to leave property in consideration of services or support, see note in 44 L.R.A.(N.S.) 733. And as to the specific performance of oral contract to devise or convey land in consideration of performing services or furnishing support, where no possession taken or improvements made, see note in 38 L.R.A.(N.S.) 752.

Two actions in the district court for Washington county, one by Frances Ellen Robertson and the other by John Matthias Carr, against Charles Cochran as an individual, as executor of the last will and testament of Maurice Clancy, deceased, and as parish priest of the Church of St. Michael of Stillwater, and the Church of St. Michael of Stillwater, a corporation, to decree that each plaintiff was the owner and entitled to an equal undivided one-half of the property, real and personal, belonging to the estate of Maurice Clancy, deceased, and that neither defendant had any right or title to the estate of the testator, and to restrain the executor from transferring any of the property of the estate to either of the defendants or to any person claiming under the will of decedent. Defendants' motions for judgment upon the pleadings were granted, Stolberg, J. Plaintiffs' motions for leave to amend the complaint were denied. From the judgments entered pursuant to the orders for judgment, plaintiffs appealed. Reversed in both actions.

*Davis, Kellogg & Severance* and *Edwin D. Buffington,* for appellants.

*H. H. Gillen,* for respondents.

TAYLOR, C.

In each of the above cases, a motion by defendants for judgment on the pleadings was granted, judgment was entered, and the plaintiff appealed therefrom. The only question now before this court is whether the complaints, which are substantially identical in form, state a cause of action. They are lengthy and we shall merely indicate certain facts appearing therefrom without attempting to set them forth even in substance.

The plaintiffs are brother and sister, and the children of Matthew and Jane Carr. Their mother died in 1871, when John was six and Frances ten years of age. Maurice Clancy and his wife Mary lived upon a farm in Washington county and were childless. In 1871, and shortly after the death of their mother, the father of plaintiffs, for and in their behalf, made an agreement with Maurice Clancy, whereby Clancy agreed to take and adopt them into his own family, and to provide them a home, and to treat them in all respects as his own

children; and further agreed that, if they should remain with him as members of his family until grown up, that, in consideration of the family relation to be assumed by them he would give, leave and bequeath one-half of all his property to each of them, to take effect at his death, or at the death of his wife if she should outlive him. Pursuant to this agreement plaintiffs became members of the Clancy family, and lived with them until grown up, in the same manner and performing the same duties and services as if they had been the natural children of the Clancys. After they were old enough to understand the nature of the transaction, Maurice Clancy frequently stated to plaintiffs the agreement he had made with their father, and promised them that, if they performed it on their part, he would perform it on his part, and relying upon such promises they performed in full upon their part. Plaintiff Frances, at the age of 19, left the home of the Clancys with their full consent, and thereafter married and is now Frances Robertson. Plaintiff John remained with them until they sold their farm in 1886. He was then 22 years of age and, as they had no further need for his services, he then left with their full consent. Mary Clancy died in 1902. Maurice Clancy died testate in July, 1912, leaving real and personal property of the value of $40,000, but in his will made no provision for plaintiffs, and gave none of his property to them. They brought these actions to enforce specific performance of the oral agreements above mentioned.

1. It is well settled that a person may by contract bind himself and his estate to give or will his property to certain designated persons at his death. Newton v. Newton, 46 Minn. 33, 48 N. W. 450; Laird v. Vila, 93 Minn. 45, 100 N. W. 656, 106 Am. St. 420; Haubrich v. Haubrich, 118 Minn. 394, 136 N. W. 1025. It is likewise well settled that, even if such contracts rest in parol, the courts may, in proper cases, enforce specific performance thereof. Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L.R.A. 427, 74 Am. St. 490; Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324, 99 Am. St. 609; Laird v. Vila, 93 Minn. 45, 100 N. W. 656, 106 Am. St. 420.

But to authorize a court to decree the specific performance of an

oral contract to give property by will, the contract must appear reasonable, and be clearly and satisfactorily established; and it must also have been performed, on behalf of the beneficiary, to such extent and in such manner that he cannot be compensated properly in damages. If the part performance relied upon consisted in the rendition of services, the value of which can reasonably be measured in money, specific performance will not be enforced and the promisee must have recourse to other remedies. Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324, 99 Am. St. 609; Richardson v. Richardson, 114 Minn. 12, 130 N. W. 4; Haubrich v. Haubrich, 118 Minn. 394, 136 N. W. 1025.

If, however, the part performance consisted in assuming a peculiar personal and domestic relation as a member of the family of the promisor, and in giving him the society and services incident to such relation and of a kind and character, the value of which is not measurable in money, specific performance may be granted if the contract be satisfactorily proven. Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L.R.A. 427, 74 Am. St. 490; Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324, 99 Am. St. 609; Laird v. Vila, 93 Minn. 45, 100 N. W. 656, 106 Am. St. 420; Fiske v. Lawton, 124 Minn. 85, 144 N. W. 455.

2. Upon motion for judgment on the pleadings, every reasonable intendment will be indulged in favor of the sufficiency of the pleading attacked. The rule is more liberal in favor of the pleading than when it is attacked by demurrer. Ames v. Brandvold, 119 Minn. 521, 138 N. W. 786. 2 Dunnell, Minn. Dig. § 7694, and cases there cited.

Construing the complaints as required by this rule, they state a cause of action within the principles established by Svanburg v. Fosseen and Laird v. Vila, supra.

Respondents urge that the facts will not bring plaintiffs within the doctrine of those cases. But we are here concerned with the pleadings only. The evidence has not been presented, and we are not at liberty to assume that plaintiffs will fail in their proofs. The complaints must be sustained, if it may reasonably be inferred therefrom that facts exist which will justify a recovery. They are suffi-

cient to justify such inference. Whether plaintiffs are in fact entitled to the relief sought cannot be determined, until the evidence is before the court and the cases are considered upon the merits.

The contention that these cases were not within the jurisdiction of the district court is without force. Laird v. Vila, 93 Minn. 45, 100 N. W. 656, 106 Am. St. 420.

Judgments reversed.