CARRIE B. WHITMAN v. GEORGE C. DITTMAN AND GEORGIANA DITTMAN, INDIVIDUALLY AND AS EXECUTORS OF THE ESTATE OF JOSEPH W. BETTINGEN, DECEASED.[1]

January 26, 1923.

No. 23,043.

**Contract to make will not taken out of statute of frauds by part performance.**

1. A party may make a valid contract to bequeath property by will. The law of specific performance is applied to such contracts on much the same principle as to other contracts. Such contracts if verbal may be taken out of the statute of frauds by part performance. If the consideration consists of the actual rendition of services of such a nature that the value is incapable of estimate by any mere pecuniary standard, the case is taken out of the statute. The facts of this case do not bring it within that rule.

**Payment of money not sufficient to take contract out of statute.**

2. The payment of money is not such part performance as will take a contract out of the statute, even though the payment has caused the party making it to sacrifice something in the way of education or medical treatment for himself or his family.

Action in the district court for Ramsey county against defendants as individuals and as executors of the estate of Joseph W. Bettingen, deceased. Plaintiff's demurrer to paragraphs numbered 1, 2 and 3 of defendants' answer was overruled by Michael, J. Defendants' motion for judgment in favor of defendants on the pleadings was granted and that defendants George C. Dittman and Georgianna Dittman have judgment confirming their title to the real estate and property. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Frankel & Harvey* and *Charles Burke Elliott,* for appellant.

*O'Brien, Stone, Horn & Stringer* and *Charles Bechhoefer,* for respondents.

[1]Reported in 191 N. W. 821.

HALLAM, J.

This case comes here on an appeal from a judgment given on a motion for judgment on the pleadings. One ground for the granting of the motion was that the complaint fails to state a cause of action. We sustain this ground and it is unnecessary to discuss any others.

The substance of the complaint is as follows:

Joseph W. Bettingen, deceased, was a younger brother of plaintiff, and an uncle of defendants. In 1889 Bettingen had completed a University course in medicine and desired to study abroad. Plaintiff had $5,000 which she intended to use in procuring for herself a musical education so that she could earn a livelihood for herself and an infant son. Her husband had failed in business and she doubted whether he would be able to maintain her in her former scale of living. She gave deceased $4,500 for the purpose mentioned and abandoned her project of becoming self-supporting, in reliance on the promise of deceased to reimburse her in case she survived him, by bequeathing to her all property real or personal, or the proceeds thereof, which he might secure by inheritance or otherwise from the estate of their parents.

After deceased returned from abroad, plaintiff furnished his office and assisted him in building up a practice, rendering service and assistance, the value of which cannot be computed in money, in reliance on his oft-renewed promise to bequeath to her the property which he might inherit or otherwise secure from their parents.

In 1905 deceased became involved in an action with a notorious woman. During this trouble plaintiff assisted, comforted, advised and administered to him, and in divers ways rendered him services, the value of which cannot be computed in money. He became financially involved, and she gave him $5,000 which she had intended to use for the education, and for the medical treatment of her son, who was suffering from curvature of the spine. The loan of this amount prevented her from securing the higher education of her son and from having him treated for his infirmity. This gift was made in reliance on a promise made by deceased that he would never marry, and that if she would give to him that amount and would continue to assist, advise and minister unto him, he would

bequeath to her all the property, real or personal, of which he might die seised, save small bequests not to exceed $10,000.

Deceased left a will in which he bequeathed to her only the sum of $5,000, and, after other small bequests, gave the balance of his property, some real, some personal, amounting in all to over $127,-000, to the defendants.

1. The question now is whether this verbal contract is enforceable by action. It is well settled that a party may make a valid contract to bequeath property by will. Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L. R. A. 427, 74 Am. St. 490; Laird v. Vila, 93 Minn. 45, 100 N. W. 656, 106 Am. St. 420. The law of specific performance is applied to such contracts on much the same principles as to other contracts. The contracts relied on in this case would doubtless have been valid and enforceable in some manner if in writing. But they were clearly not enforceable at all when made, because within the statute of frauds and not in writing. Yet a court will, in the absence of a remedy at law, decree specific performance of a verbal contract within the statute of frauds, if there has been part performance of such a character as to take a parol agreement out of the statute of frauds. Laird v. Vila, 93 Minn. 45, 100 N. W. 656, 106 Am. St. 420. The payment of a mere money consideration is not such part performance. If the consideration be labor and services which may be estimated and liquidated in money, so as reasonably to make the promisee whole, the case is not taken out of the statute. Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324, 99 Am. St. 609; Laird v. Vila, 93 Minn. 45, 100 N. W. 656, 106 Am. St. 420. But the contract may be taken out of the statute of frauds, where the consideration consists of the rendition of services of such a nature that the value is incapable of estimate by any mere pecuniary standard.

Svanburg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L. R. A. 427, 74 Am. St. 490, is a typical case. In that case, plaintiff lived in the household of deceased in a filial relation, from childhood to the time of her marriage. The service performed consisted of housework of every kind and character, even to the care and nursing of deceased and his wife, during illness, and of work outside of the

house as well, and the labor and services, and the relationship described, were daily and continuous and without any compensation or wages whatever. Under these conditions, the case was taken out of the statute of frauds by the fact that the consideration which plaintiff had furnished, consisted "not merely of services in the ordinary sense of the word, but also of the assumption of a peculiar personal and domestic relation to the deceased as a member of their family," and for that reason the value of the consideration was held incapable of being estimated by any mere pecuniary standard. There are many other decisions, arising on varied statements of fact. It is unnecessary to review them all. The principle is as above stated.

Newton v. Newton, 46 Minn. 33, 48 N. W. 450, is relied on by appellant. In that case the court enforced a contract to bequeath a note. The contract was fully executed on the other side and there were facts which made the case one of "equitable cognizance." The note was held and claimed by a nonresident of the state who was insolvent. There had been no administration and no adequate remedy against the heirs who were nonresidents. No question of the statute of frauds was involved.

We do not think this case comes within the applicable principles. The services alleged were such ministrations as are to be expected of a sister to a brother, and are commonly given without thought of compensation. The two were not in the same household. The real consideration for the alleged promise was the advancement of money. The consideration was good enough to sustain a contract, but not of a character to dispense with the statute of frauds.

2. Plaintiff contends that the alleged fact that the advancement of this money prevented her from obtaining her own musical education and prevented her from furnishing contemplated educational and medical treatment for her son takes the contracts out of the statute of frauds. This seems to us an unwarranted extension of the doctrine of validation of contracts by part performance.

It seems to us that the obligation of the contracts could be substantially discharged by the repayment of the money advanced, and

that, independent of the statute of frauds, specific performance will not lie.

Order and judgment affirmed.