NILS J. SMITH v. OSCAR A. ERLANDSON AND ANOTHER.[1]

July 18, 1924.

No. 23,990.

**Proof of contract to make will.**
     1. A contract to make a will giving property to the contractee must be established by clear and convincing proof.

**Finding against such contract sustained.**
     2. The finding that the deceased made no such contract is sustained by the evidence.

Action in the district court for Chisago county by the executor of the last will and testament of Andrew Erlandson, deceased, to recover a balance upon promissory notes and to enforce a lien against

[1]Reported in 199 N. W. 927.

stock held as collateral. The case was tried before Searles, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Edwin G. Erlandson* and *Axel A. Eberhart,* for appellants.

*Alfred P. Stolberg,* for respondent.

TAYLOR, C.

In the early part of 1908, Andrew Erlandson, a childless widower who resided at Lindstrom in Chisago county, formed a partnership with Oscar A. Erlandson, a nephew, under the name and style of Erlandson Lumber Company, for the purpose of carrying on a retail lumber business at Hettinger, North Dakota, and also at other points if deemed desirable. Andrew furnished the original capital of $8,000, and Oscar managed and conducted the business. Formal articles of copartnership were executed May 7, 1908, under which they operated until May, 1916, when they formed a corporation under the same name as the partnership which conducted the business thereafter. Andrew held 150 shares of the capital stock of the corporation of the par value of $100 per share, and Oscar held a like amount. In December, 1919, Andrew sold and transferred his stock to Oscar for the sum of $12,000, and this stock was reissued to Oscar in 6 certificates for 25 shares each. For the purchase price, Oscar executed to Andrew 6 promissory notes for $2,000 each with interest at the rate of 7 per cent per annum, dated January 1, 1920, and payable respectively January 1, 1921, and annually thereafter. To each note was attached a certificate for 25 shares of the capital stock duly assigned as security for the payment of that note.

Andrew Erlandson died September 27, 1920. On February 10, 1923, plaintiff, as executor of his last will and testament, brought this action to recover the balance due upon the 3 notes then past due, and to enforce the lien against the stock held as security for the payment of these notes. Defendant Oscar, who will be designated as the defendant hereafter, admitted the execution of the notes, and the assignment of the stock as collateral thereto, but

asserted as a defense that he entered into partnership with Andrew in 1908 in consideration of the promise of Andrew to devise and bequeath to him the lumber business and all the property real and personal pertaining to such business, as it should exist at the death of Andrew; that these notes and this stock are the proceeds of and represent Andrew's interest in the lumber business, and asked that he be decreed to be the owner of both notes and stock. After the service of the summons in this action, defendant commenced an action against plaintiff to enforce the alleged agreement of Andrew to will the lumber business to him, and he incorporated the complaint in that action in, and as a part of, his answer in this action.

The trial court found as a fact that Andrew Erlandson had made no agreement to make a will in favor of defendant nor to give any property to defendant at his death and directed judgment for plaintiff. Defendant appeals from an order denying a new trial and contends that the above finding is not justified by the evidence.

It is well settled that a person may obligate himself by contract to make a will giving specified property to another at his death, but the contract must be established by proof which is clear, positive and convincing. Newton v. Newton, 46 Minn. 33, 48 N. W. 450; Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324, 99 Am. St. 609; Haubrich v. Haubrich, 118 Minn. 394, 136 N. W. 1025; Robertson v. Corcoran, 125 Minn. 118, 145 N. W. 812; Kins v. Ginzky, 135 Minn. 327, 160 N. W. 868; Greenfield v. Peterson, 141 Minn. 475, 170 N. W. 696; Colby v. Street, 146 Minn. 290, 178 N. W. 599.

To recapitulate the evidence would extend this opinion unduly and serve no useful purpose. We have examined it carefully and are satisfied that the learned trial court reached the correct conclusion. Oscar claims that the agreement was made during the negotiations for forming the partnership. The articles of copartnership provide that the partnership should continue for a term of 15 years and contain this provision:

"It is hereby expressly stipulated and agreed by and between the parties hereto that death of either party shall not operate a dissolution of this partnership and it is the intention of the parties

hereto that in the event of the death of the said Andrew Erlandson before the expiration of the aforesaid fifteen years, the said Oscar A. Erlandson shall be at liberty to continue said business, if he so desires, for and during the full time hereinbefore set forth, without any interruption or interference by the heirs, executors, adminis-trators or legal representatives of the said Andrew Erlandson, pro-vided however that in the event of the death of the said Andrew Erlandson during the said term, the said Oscar A. Erlandson may be required to account to such heirs, executors, administrators or legal representatives in the same manner as if the said Andrew Erlandson were living."

This provision is clearly inconsistent with the claim that Andrew had contracted to give his interest in the partnership to Oscar at his death.

Andrew resided at Lindstrom in this state, and Oscar resided at Hettinger, North Dakota, after he opened the lumber yard at that place. The relations between them were intimate. Andrew's wife died in January, 1908. He had made a will before her death. Thereafter he made several wills. He wrote Oscar asking his advice concerning the provisions in some of them. In the latter part of 1908, he made a will which is not in evidence, but which Oscar testified contained a provision giving him the lumber busi-ness. In 1910, Andrew made another will which is not in evidence but which Oscar testified also contained a provision giving him the lumber business. In June, 1915, Andrew made another will which is in evidence, and in which, after making several bequests, he gave Oscar all the remainder of his property, "provided he care for me in my old age the same as if he would be my son." In 1916 Andrew married again. Thereafter and on October 16, 1916, he made the will which has been admitted to probate and which ex-pressly revoked all former wills. In this will he made certain specific bequests to his wife and then gave her one-third of all the remainder of his property, and gave the other two-thirds of such remainder to his nephew Erland Erlandson. Oscar is not mentioned.

Defendant lays stress on the fact that his uncle had given him the lumber business in three of the prior wills as supporting his claim that his uncle had agreed to give him that business. Andrew wrote numerous letters to Oscar which are in the record. He mentions his intention to execute these wills and encloses copies of them, and in one or two instances asks Oscar's opinion as to certain provisions to be made for other parties, but in none of these letters does he mention or in any way recognize the existence of any agreement or obligation on his part to make any provision for Oscar. These letters were of a confidential character, and if such an agreement had existed it would naturally have been mentioned. Another circumstance that militates against defendant's claim is the fact that his purchase of Andrew's stock and his agreement to pay for it was absolute and unconditional. If defendant had a contract under which he was entitled to this stock as his own property at Andrew's death, his conduct in purchasing the stock as if no such contract existed, and without any reference to it, is not readily explainable. The evidence in support of the alleged agreement is not of the clear and convincing character required by the law, and the order of the trial court is affirmed.